# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JOSUE BERNAL and INDIRA BERNAL | § § § | |
| V. | § § | CASE NO. 4:14-CV-236<br>Judge Mazzant |
| DECISION ONE MORTGAGE COMPANY, LLC; THE BANK OF NEW YORK MELON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2006-0C3,WACHOVIA MORTGAGE CORP., MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2006-0C3; HSBC MORTGAGE SERVICES, INC., ET AL. | § § § § § § § § § § § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiffs' Motion to Strike Defendant's Answers and Affirmative Defenses as Non-Responsive (Dkt. #26) and Defendant Bank of New York Melon's Motion for Summary Judgment (Dkt. #25). After considering the motions, responses, evidence, and relevant pleadings, the Court finds that Plaintiffs' Motion to Strike Defendant's Answers and Affirmative Defenses as Non-Responsive (Dkt. #26) should be denied and that Defendant Bank of New York Melon's Motion for Summary Judgment (Dkt. #25) should be granted.

## BACKGROUND

Plaintiffs Josue Bernal and Indira Bernal ("Plaintiffs") filed the instant suit to contest the security interest in real property located at 2212 Senna Hills Lane, Plano, Texas (the "Property").

On February 8, 2006, Plaintiffs entered into a mortgage loan with Decision One Mortgage Company, LLC ("Decision One") in the amount of $168,000.00. As a part of the

1

mortgage loan, Plaintiffs executed a Note and a Deed of Trust on the Property that named Mortgage Electronic Registration System, Inc. ("MERS"), as the sole nominee for Decision One and as the beneficiary with a lien on the Property (Dkt. #25, Exs. A1, A2). Also on February 8, 2006, Plaintiffs executed with Decision One a second loan and Second Lien Deed of Trust on the Property in the amount of $39,555.00 (Dkt. #25, Ex. B2). Under the Second Lien Deed of Trust, MERS was also the nominee for Decision One and the beneficiary with a second lien on the Property.

On April 6, 2010, MERS executed an Assignment of Note and Deed of Trust that assigned MERS's rights as nominee under the Note and Deed of Trust to Defendant Bank of New York ("BONY" or "Defendant") (Dkt. #25, Ex. B3). On April 21, 2011, MERS subsequently executed an Assignment of Deed of Trust that assigned the remainder of MERS's interest as beneficiary in the Deed of Trust to BONY (Dkt. #25, Ex. B4). Together, these assignments fully conveyed MERS's interest in the Note and first Deed of Trust to BONY.

On November 14, 2011, MERS executed a Corporate Assignment of Deed of Trust to HSBC Mortgage Services, Inc. ("HSBC") that conveyed MERS's interest in the Second Lien Deed of Trust (Dkt. #25, Ex. B5). This assignment fully conveyed MERS's interest in the Second Deed of Trust to HSBC.

Bank of America was the initial servicer of the loan, and Plaintiffs received correspondence from Decision One and Bank of America confirming this information (Dkt. #12, Ex. G). Subsequently and in compliance with the loan's disclosure documents, Bank of America transferred the servicing of the loan to Select Portfolio Servicing, Inc. ("SPS") (Dkt. #25, Exs. A6, A7). On or about October 10, 2012, Plaintiffs received correspondence from SPS that

informed them that their loan servicing was transferred from Bank of America to SPS (Dkt. #25, Ex. A8).

At the present time, BONY alleges to be the owner of the Note and the first Deed of Trust, HSBC alleges to be the owner of the Second Lien Deed of Trust, and SPS alleges to be the servicer of the loan. The remaining defendants—Decision One, MERS, and Bank of America—are not claiming ownership as to any of the loan documents. Plaintiffs have been notified of this information and of the interests of the parties (Dkt. #25, Exs. A3, A4).

Beginning in March 2010, Plaintiffs refused to make any loan payments (Dkt. #25, Ex. A9). Plaintiffs continue to refuse to re-pay the loan, which has now been in default status for nearly five years.

Plaintiffs have filed the current suit in response to SPS's correspondence explaining that it could foreclose upon their Property. Plaintiffs initially filed in state court but Defendant BONY properly removed the action to this Court on April 16, 2014 (Dkt. #1). BONY has been the only defendant to respond to the current suit, and Plaintiffs have failed to show that the other named defendants have been properly served.

## ANALYSIS

**Plaintiffs' Motion to Strike Defendant's Answers and Affirmative Defenses as Non-Responsive**

Plaintiffs move to strike Defendant BONY's First Amended Answer to Plaintiffs' Verified Complaint and all of Defendant's affirmative defenses because they "fail to be supported by any facts or law," are "intended to be inflammatory," are "redundant or immaterial," are "insufficient as a matter of law," and "fail to provide Plaintiffs with fair notice of the defense being advanced" (Dkt. #26 at 3).

The Court may strike an "insufficient defense" from a pleading or any other part of a pleading that is "redundant, immaterial, impertinent, or scandalous." FED. R. CIV. P. 12(f). A motion to strike is proper only if the matter pled is "insufficient as a matter of law." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982). As a result, motions to strike are "viewed with disfavor and are infrequently granted." *FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993). To find that a defense is insufficient as a matter of law, the Court considers whether the defense is applicable to the instant case and whether the pleadings give plaintiff fair notice of the defense. *See Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). This standard prevents a plaintiff from being a victim of "unfair surprise." *Id.*

Plaintiffs' main argument is that Defendant fails to plead "with sufficient specificity" because Defendant does not furnish the loan documentation that gives it the authority to foreclose on the Property. In regard to Defendant's affirmative defenses, Plaintiffs allege generally that Defendant asserts "mere bald allegations" (Dkt. #26 at 3). Having reviewed the relevant pleadings, the Court disagrees with Plaintiffs' arguments. Defendant's affirmative defenses are applicable to the instant case and are sufficiently developed by the allegations in Defendant's answer (Dkt. #24). Moreover, Plaintiffs have fair notice of Defendant's affirmative defenses because of the allegations contained in Defendant's answer and the loan documents attached as exhibits to Defendant's Motion for Summary Judgment and Brief in Support. *See GE Capital Commercial, Inc. v. Worthington Nat'l Bank*, No. 3:09-CV-572, 2011 WL 5025153, *7 (N.D. Tex. Oct. 20, 2011) (denying a motion to strike affirmative defenses because "there are other documents, filed well before the close of discovery. . . that put Plaintiffs on notice of the factual basis of [the affirmative defense]"). Because of this, Plaintiffs are not unfairly surprised by the allegations and defenses contained in Defendant's answer. Thus, the Court finds that

4

Plaintiffs' Motion to Strike Defendant's Answers and Affirmative Defenses as Non-Responsive should be denied.

**Defendant's Motion for Summary Judgment**

Defendant BONY moves for summary judgment on all of Plaintiffs' causes of action. Plaintiffs make the following four claims[1]: (1) Conspiracy to Defraud; (2) Breach of Contract; (3) Quiet Title; and (4) Misrepresentation. All of Plaintiffs' claims are predicated and depend upon the allegation that Defendant lacks the authority to enforce the Note and Deed of Trust because the loan documents have been improperly assigned in such a way as to void enforcement by any assignee. Because of this, the Court must grant summary judgment as a matter of law if it finds that there is no genuine issue of material fact as to Defendant's ownership and ability to enforce the loan documents.

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. Unit B 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson,* 477 U.S. at 248.

---

[1] The Court notes that Plaintiffs attempt to make the fifth claim of "The Deed of Trust Does Not Secure the Deed of Trust Note," but this section simply re-alleges the factual allegations from the previous four claims and does not assert an independent cause of action.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has satisfied its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. The Court must consider all of the evidence but refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

In their Amended Complaint and responsive pleadings, Plaintiffs have introduced several theories and arguments as to why the assignments of the Note and Deed of Trust to Defendant are invalid. The Court will now review these arguments in turn.

First, Plaintiffs argue that the assignments to Defendant are invalid because the recordings of the assignments were executed by individuals who did not have authority or personal knowledge of the facts surrounding the assignment, otherwise colloquially known as "robo-signing." In support of this claim, Plaintiffs only make general allegations and fail to provide any supporting evidence as to the status or knowledge of the individuals executing the assignments. Even if Plaintiffs did provide evidence of the alleged robo-signing, Plaintiffs still

could not void the assignments because, under Fifth Circuit and Texas jurisprudence, the law is settled that "an obligor cannot defend against an assignee's efforts to enforce [an] obligation on a ground that merely renders the assignment voidable at the election of the assignor." *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 225 (5th Cir. 2013). Therefore, the Court finds that Plaintiffs' argument fails as a matter of law because Plaintiffs were not parties to the assignments and are thus unable to challenge or void the assignments.

Next, Plaintiffs argue that the assignments to Defendant are invalid because the Note and the Deed of Trust were "separated since the inception of this loan" and "[a]ny attempt to assign the beneficial interest in the Deed of Trust to another, without simultaneously being the holder of the Note, is void" (Dkt. #12 at 13, 16). The Fifth Circuit has already addressed and rejected this "split-the-note" theory on nearly identical facts. *Martins v. BAC Home Loans Servicing, LP*, 722 F.3d 249, 254 (5th Cir. 2013). Moreover, Plaintiffs have presented no argument or facts as to why this Court should deviate from controlling authority. Accordingly, the Court finds that this argument fails as a matter of law.

Next, Plaintiffs argue that the assignments to Defendant are invalid because MERS did not have the authority to assign the Note or Deed of Trust because neither MERS nor Defendant ever had the original loan documents in its physical possession. In Texas, MERS is legally recognized as a "national book entry system for registering a beneficial interest in a security instrument that acts as a nominee for the grantee, beneficiary, owner, or holder of the security instrument and its successors and assigns." TEX. PROP. CODE ANN. § 51.0001(1); *see Richardson v. CitiMortgage, Inc.*, No. 6:10-CV-119, 2010 WL 4818556, at *5 (E.D. Tex. Nov. 22, 2010). The Fifth Circuit has expressly stated that "Texas recognizes assignment of mortgages through MERS and its equivalents as valid and enforceable without production of the original, signed

note." *Martins*, 722 F.3d at 253. Moreover, Texas law does not require either MERS or Defendant to hold or produce the original Note in order to foreclose on the Property. *See* TEX. PROP. CODE ANN. § 51.002(a)-(i); *see id.* at 255. Accordingly, the Court finds that this argument fails as a matter of law.

Next, Plaintiffs argue that the assignments to Defendant are invalid because Plaintiffs failed to receive notice of the assignments. This argument is directly contradicted by the plain language in the Note and Deed of Trust that states that the loan documents are freely transferable and "can be sold one or more times without prior notice to Borrower" (Dkt. #25, Ex. B1 at 11). Because there is no requirement that Plaintiffs receive notice of this type of assignment, the Court finds that this argument fails as a matter of law.

Next, Plaintiffs argue that the assignments to Defendant are invalid because the loan has been securitized in violation of a pooling and servicing agreement. Plaintiffs never identify or provide a copy of this pooling and servicing agreement to the Court. Even if Plaintiffs did provide a copy of a pooling and servicing agreement that was executed during the assignments, Plaintiffs were not parties to the assignment or agreement and therefore lack standing to contest any alleged securitization of the loan documents. *See Reinagel*, 735 F.3d at 228. Accordingly, the Court finds that this argument fails as a matter of law.

Next, Plaintiffs argue that the assignments to Defendant are invalid because "potentially dozens or even thousands of third parties could come forward claiming an unsatisfied interest in the Note" as a result of the assignment (Dkt. #12 at 12). Plaintiffs allege that Decision One, BONY, MERS, Bank of America, HSBC, and SPS have all come forward "attempting to demonstrate an entitlement to the property or entitlement to foreclose" (Dkt. #12 at 11). In support of this claim, Plaintiffs submit two pieces of correspondence as evidence that allegedly

prove that multiple third parties are currently asserting an interest in the Property (Dkt. #12, Exs. G, H). The first piece of correspondence is a letter dated July 3, 2012, that purports to be from a legal representative of Bank of America (Dkt. #12, Ex. G). This letter states that Defendant BONY is the current owner of the Note/Deed of Trust and that Bank of America is the servicer of the loan. The second piece of correspondence is a letter dated October 10, 2012, that purports to be from SPS (Dkt. #12, Ex. H). This letter states that servicing of the loan has been transferred from Bank of America to SPS and that Plaintiffs should begin sending loan payments to SPS. After reviewing these letters in connection with Defendant's summary judgment evidence, the Court finds that this evidence is insufficient to create a genuine issue of material fact as to the ownership of the loan documents. In fact, these letters help to confirm Defendant's allegations and other summary judgment evidence that Defendant has the authority to enforce the loan documents via the loan servicer SPS. Accordingly, the Court finds that this argument fails as a matter of law.

Finally, Plaintiffs argue that the assignments to Defendant are invalid because MERS assigned the loan documents after Decision One, the original lender, was closed by its parent company, HSBC. After reviewing the evidence provided by both parties, the Court finds that there is a clear chain of title that establishes Defendant as the mortgagee and SPS as the current loan servicer with authority to administer foreclosure proceedings. Under Texas law, a mortgagee may be one of the following types of entities: the grantee, beneficiary, owner, or holder of a security instrument; a book entry system (such as MERS); or "the last person to whom the security interest has been assigned of record." TEX. PROP. CODE ANN. § 51.0001(4). The uncontroverted evidence shows that Decision One and Plaintiffs initially executed the Note and Deed of Trust with MERS as the beneficiary (Dkt. #25, Exs. A1, A2). Subsequently, MERS

assigned both the Note and Deed of Trust to Defendant (Dkt. #25, Exs. B3, B4). Even though Decision One was closed at the time of the assignment, MERS still had the power as beneficiary to properly assign and grant the security instruments to Defendant. *See Scott v. Bank of America, N.A.*, No. SA-12-CV-917, 2013 WL 1821874, at *3 (W.D. Tex. Apr. 29, 2013) (holding that the lender could foreclose by virtue of assignment from MERS as beneficiary). Because of this, the Court finds that the assignments are valid and that Defendant is the "last person to whom the security interest has been assigned of record" with the authority to enforce the Note and Deed of Trust on its own or through the current loan servicer SPS. The Court additionally finds that Plaintiffs are liable to Defendant for the unpaid sum due upon the loan and that Defendant or its loan servicer may enforce the Deed of Trust.

In response,[2] Plaintiffs argue that Defendant's motion should be denied because Plaintiffs have had no opportunity to perform discovery (Dkt. #28). The Court is not swayed by this argument. Plaintiffs have indeed had the opportunity to perform discovery after the Rule 26(f) discovery conference that occurred on or about July 29, 2014, but Plaintiffs have failed to do so. FED. R. CIV. P. 26(d) (explaining that a party may seek non-exempt discovery from any source after the Rule 26(f) conference); (Dkt. #18). Moreover, Defendant has included all relevant documents as exhibits in its motion for summary judgment, and Plaintiffs do not explain with any specificity as to the additional types of information or documents that they will seek on discovery.

Because the Court finds that Defendant has the ability and authority to enforce the Note and Deed of Trust, all of Plaintiffs' causes of action must be dismissed on summary judgment. The Court will now review each cause of action in turn.

---

[2] Even though Plaintiffs' response was untimely, the Court will accept and consider the response because Plaintiffs proceed *pro se*.

First, Plaintiffs' claim of Conspiracy to Defraud fails because the summary judgment evidence conclusively shows that Defendant never worked in combination with another to make unlawful representations regarding the loan documents. *See Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005) (describing the necessary elements of a conspiracy claim). As explained above, there is no material or genuine issue of fact as to Defendant's authority to enforce the loan documents. Because of this, none of the documents provided to Plaintiffs or the Court are fraudulent and therefore Defendant never sought to accomplish an unlawful purpose.

Second, Plaintiffs' claim of Breach of Contract fails because the summary judgment evidence conclusively shows that Defendant has properly performed under the loan documents and has not breached the agreement. *See Sport Supply Group, Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003) (explaining the required elements of a breach of contract claim). In fact, it is the Plaintiffs who are currently breaching the agreement by intentionally failing to make required payments on the loan.

Third, Plaintiffs' claim of Quiet Title fails because the summary judgment evidence conclusively shows that Defendant's claim on the Property is valid and enforceable and that Plaintiffs cannot show superior title. *See Disanti v. MERS, Inc.*, No. 4:10-CV-103, 2010 WL 3338633, *3 (E.D. Tex. Aug. 24, 2010) (describing the necessary elements of a trespass-to-try-title claim). Moreover as explained above, Plaintiffs' allegations that multiple parties are attempting to collect on the loan and that only the "holder" of the Note may enforce the loan documents are invalid as a matter of law.

Fourth, Plaintiffs' claim of Misrepresentation fails because the summary judgment evidence conclusively shows that Defendant has made no false representation to Plaintiffs about the status of the loan documents. *See Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU*

*Corp.*, 565 F.3d 200, 212 (5th Cir. 2009) (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)) (explaining the elements of a fraudulent misrepresentation claim in Texas). As explained above, Plaintiffs' allegations that Defendant is fraudulently misrepresenting the ownership of the Note and Deed of Trust are invalid as a matter of law.

## CONCLUSION

For the foregoing reasons, it is therefore **ORDERED** that Plaintiffs' Motion to Strike Defendant's Answers and Affirmative Defenses as Non-Responsive (Dkt. #26) is hereby **DENIED**.

It is further **ORDERED** that Defendant Bank of New York Melon's Motion for Summary Judgment (Dkt. #25) is hereby **GRANTED**.

It is further **ORDERED** that all claims that Plaintiff Indira Bernal and Plaintiff Josue Bernal assert against Defendant Bank of New York Melon are hereby **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that all claims that Plaintiff Indira Bernal and Plaintiff Josue Bernal assert against all other named defendants are hereby **DISMISSED WITHOUT PREJUDICE**.

**SIGNED this 28th day of April, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE